UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

ROBERT J. BASALDUA, SHARON
BASALDUA, DAVID L. HINKLEY and
LAURA HINKLEY,

    Plaintiffs,

THE CHARTER OAK FIRE
INSURANCE COMPANY, INC.,

    Involuntary Plaintiff,

v.

PRINCE MINERALS LLC, PRINCE
MINERALS, INC., EVANSTON
INSURANCE COMPANY, OHIO
CASUALTY INSURANCE COMPANY,
NAVIGATORS INSURANCE
COMPANY and DEF INS. CO.,

    Defendants.

Case No.: 19-CV-_____

Milwaukee County Case No. 18-CV-6322

---

### NOTICE OF REMOVAL

---

TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF WISCONSIN

The Notice of Removal of the defendants, Prince Minerals LLC, Prince Minerals, Inc., Evanston Insurance Company, Ohio Casualty Insurance Company and Navigators Insurance Company, respectfully show as follows:

1. On the 30th day of July, 2018 an action was commenced against the defendant, Prince Minerals LLC and Carpenter Brothers, Inc. in the Circuit Court for the State of Wisconsin and for the County of Milwaukee entitled: ***Robert Basaldua, et al. v. Prince Minerals, et al.***, Case No. 18-CV-6322, by the filing of the Summons and Complaint with the Clerk of Courts for Milwaukee County, a copy of which is attached hereto as **Exhibit A**.

2. The original Complaint in this matter named as a party defendant, Carpenter Brothers, Inc. Carpenter Brothers, Inc. was alleged to be a Wisconsin corporation with its principal place of business located at 7100 Donges Bay Road, Mequon, Wisconsin (¶7 of Complaint). Since the plaintiffs were domiciled in Wisconsin and Carpenter Brothers, Inc. was a Wisconsin corporation, the case was not removable to federal district court within 30 days of the original filing of the Complaint.

3. Plaintiffs filed an Amended Summons and Complaint on January 4, 2019 and then a Second Amended Summons and Complaint on January 8, 2019. The Second Amended Complaint is the operative pleading at this point in the litigation. A copy of the Second Amended Complaint is attached as **Exhibit B**. The Second Amended Complaint added the following defendants: Prince Minerals, Inc., Evanston Insurance Company, Ohio Casualty Insurance Company and Navigators Insurance Company. Carpenter Brothers, Inc. remained as a party defendant. The matter was not removable to federal district court as of the date of filing of the Second Amended Complaint due to the continued presence of a non-diverse defendant, Carpenter Brothers, Inc.

4. The defendant, Carpenter Brothers, Inc., was dismissed from this matter on June 3, 2019. A copy of the Dismissal Order is attached as **Exhibit C.** As outlined below, the dismissal of Carpenter Brothers, Inc. on June 3, 2019 creates, for the first time, federal diversity jurisdiction and makes this matter removable.

5. Upon the dismissal of Carpenter Brothers, Inc., the above-described action is a civil action of which this court has original jurisdiction under the provisions of 28 Title U.S.C. §1441, in that it is a civil action wherein the matter in controversy allegedly exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, as more fully

appears from the plaintiffs' Second Amended Complaint and is between citizens of different states.

6. The plaintiffs, Robert J. Basaldua and Sharon Basaldua, are citizens of the State of Wisconsin and are domiciled at 404 Shore Drive, Mukwonago, WI.

7. The plaintiffs, David L. Hinkley and Laura Hinkley, are citizens of the State of Wisconsin and are domiciled at 912 Michigan Avenue, Waukesha, WI.

8. The involuntary plaintiff, The Charter Oak Fire Insurance Company (hereinafter "Charter Oak") was at all times material hereto, and still is, incorporated under the laws of the State of Connecticut, with a principal place of business at One Tower Square, Hartford, CT. In addition, for diversity purposes, Charter Oak is a nominal defendant since it is alleged to have paid certain medical expenses and worker's compensation benefits on behalf of the plaintiffs.

9. The defendant, Prince Minerals, Inc., was at all times incorporated under the laws of the State of Delaware with a principal place of business in Houston, TX. Effective December 31, 2014 Prince Minerals, Inc. was converted into a Delaware limited liability company and the name was changed to Prince Minerals LLC, also a named defendant in this action.

10. The defendant, Prince Minerals LLC, was at all times material hereto, and still is, a Delaware limited liability company with a principal place of business located in Houston, TX.

11. The sole member of Prince Minerals LLC is Prince International Corporation. Prince International Corporation, was at all times material hereto, and still is, incorporated under the laws of the State of Delaware. The principal place of business of Prince International Corporation is Houston, TX.

12. Upon information and belief, the defendant, Evanston Insurance Company, was at all times material hereto, and still is, incorporated under the laws of the State of Illinois. The principal place of business of Evanston Insurance Company is Deerfield, IL.

13. The defendant, Ohio Casualty Insurance Company, was at all times material hereto, and still is, incorporated under the laws of the State of New Hampshire. The principal place of business of Ohio Casualty Insurance Company is Boston, MA.

14. The defendant, Navigators Insurance Company, was at all times material hereto, and still is, incorporated under the laws of the State of New York. The principal place of business of Navigators Insurance Company is New York City, New York.

15. In the Second Amended Complaint, plaintiffs have alleged the following damages:

> 18. As a result of the explosion/flash fire, the plaintiffs, Robert Basaldua and David Hinkley, sustained permanent injuries and damages, including past and future pain, suffering, disability, humiliation, embarrassment, worry and mental distress, all of which are permanent in nature, and loss of enjoyment of life, past wage loss and impairment of future earning capacity, past and future medical expenses, and other compensable injuries.
>
> 19. Plaintiffs, Sharon Basaldua and Laura Hinkley, the wives of plaintiffs, Robert Basaldua and David Hinkley, sustained damages, including but not limited to the loss of consortium, society and companionship of their husbands, and will in the future sustain damages as the result of the injuries sustained by their husbands as described above.

(**Exhibit B**).

16. In addition to the above, plaintiffs have provided responses to certain written discovery in this matter. In those discovery responses, plaintiffs have alleged the following damages:

4

**HINKLEY:**

> ANSWER TO INTERROGATORY NO. 7: Plaintiff objects to this interrogatory on the grounds it is vague, overly broad and unduly burdensome. Plaintiff further objects to this interrogatory to the extent it calls for expert opinion. Plaintiff will identify all expert witnesses as required by the Court. Please see plaintiff's medical records for more details regarding the injuries sustained. Subject to said objections and without waiving them, plaintiff responds as follows: I sustained second and third degree burns to both of my hands, face and neck. As a result of the burns, I suffer from nerve pain and have loss of feeling in the areas burned. I also sustained an inhalation injury and suffer from PTSD.
>
> . . .
>
> ANSWER TO INTERROGATORY NO. 12: Plaintiff objects to this interrogatory on the grounds it is vague, overly broad and unduly burdensome. Plaintiff further objects to this interrogatory to the extent it inquires into information under the Collateral Source Rule. Subject to this objection and without waiving it, plaintiff responds as follows:
>
> Plaintiff has incurred medical expenses totaling at least $486,531.99, itemized on Exhibit 1 and attached hereto. Plaintiff continues to incur medical expense related to his inhalation injury.
>
> Per the scheduling conference data sheet filed by Charter Oak Fire Insurance Company, it has paid $503,332.66 on behalf of the plaintiff as of 12/13/2018, which includes medical expenses and indemnity payments.

**BASALDUA:**

> ANSWER TO INTERROGATORY NO. 7: Plaintiff objects to this interrogatory on the grounds it is vague, overly broad, unduly burdensome and calls for expert opinion. Subject to said objection and without waiving it, plaintiff responds as follows: Plaintiff sustained third degree burns to his right and left hands, which have left him with permanent scarring, diminished range of motion in his fingers/hand and nerve damage. Plaintiff further sustained burns to his face, neck and right thigh. The explosion also exacerbated plaintiff's hearing loss, requiring him to get hearing aids earlier than anticipated. Plaintiff also suffers from tinnitus as a result of the explosion.
>
> . . .

> ANSWER TO INTERROGATORY NO. 12: Plaintiff objects to this interrogatory on the grounds it is vague, overly broad and unduly burdensome. Plaintiff further objects to this interrogatory to the extent it inquires into information under the Collateral Source Rule. Subject to this objection and without waiving it, plaintiff responds as follows:
>
> Plaintiff has incurred medical expenses totaling at least $274,744.71, itemized on Exhibit 1 and attached hereto. Plaintiff's attorney is in the process of obtaining additional medical bills.
>
> Per the scheduling conference data sheet filed by Charter Oak Fire Insurance Company, it has paid $294,975.19 on behalf of the plaintiff as of 12/13/2018, which includes medical expenses and indemnity payments.

(**Exhibit D**).

17. Pursuant to 28 U.S.C. §1446(b)(3), if a matter is not removable to federal district court based upon the initial pleading, a notice of removal may be filed within 30 days after receipt by a defendant of an order from which it can be ascertained that the case has become removable. Since the dismissal of Carpenter Brothers, Inc. occurred on June 3, 2019, the 30 days for removal has not expired.

18. Under 28 U.S.C. §1446(c)(1) a case may not be removed more than one year after commencement. Since the original Complaint was filed on July 30, 2018, this removal is timely.

19. While defendants deny that they are liable to the plaintiffs for any of the alleged damages, plaintiffs are seeking damages in excess of the jurisdictional limit of seventy-five thousand dollars ($75,000.00).

20. In accordance with 28 U.S.C. §1446(d), written notice of the filing of this Removal Notice will be given to plaintiffs' counsel and will be filed with the Clerk of Circuit Court for Milwaukee County following the filing of this Notice.

*Wherefore*, the defendants, Prince Minerals LLC, Prince Minerals, Inc., Evanston Insurance Company, Ohio Casualty Insurance Company and Navigators Insurance Company,

request that the above action now pending against them in the Circuit Court for the State of Wisconsin in and for Milwaukee County, be removed to the United States District Court for the Eastern District of Wisconsin.

Dated this 2nd day of July, 2019.

      **HINSHAW & CULBERTSON LLP**
Attorneys for Defendants, Prince Minerals LLC and Prince Minerals, Inc.

**s/Jeffrey S. Fertl**
Jeffrey S. Fertl
State Bar No. 1014806
100 E. Wisconsin Avenue, Suite 2600
Milwaukee, WI 53202
Direct Telephone#: 414-225-4812
Email: jfertl@hinshawlaw.com

**LAW OFFICES OF THOMAS P. STILP**
Attorneys for Defendant, Ohio Casualty Insurance Company
**s/Peggy E. Van Horn**
Peggy E. Van Horn
State Bar No. 1001414
11800 W. Park Place, Suite 210
P. O. Box 245023
Milwaukee, WI 53224
Direct Telephone#: 414-290-4562
Email: peggy.vanhorn@libertymutual.com

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
Attorneys for Defendant, Evanston Insurance Company
**s/Christina Katt**
Christina Katt
State Bar No. 1073979
740 N. Plankinton Avenue, Suite 600
Milwaukee, WI 53203
Direct Telephone#: 414-292-3033
Email: Christina.katt@wilsonelser.com

**CRIVELLO CARLSON S.C.**
Attorneys for Defendant, Navigators Insurance Company
**s/Lawrence J. Drabot**
Lawrence J. Drabot
State Bar No. 1038622
710 N. Plankinton Avenue, Suite 500
Milwaukee, WI 53203
Telephone#: 414-271-7722
Email: ldrabot@crivellocarlson.com