FILED
07-30-2018
John Barrett
Clerk of Circuit Court
2018CV006322
Honorable Marshall B.
Murray-43
Branch 43

| STATE OF WISCONSIN | CIRCUIT COURT | MILWAUKEE COUNTY |
|---|---|---|

ROBERT J. BASALDUA
SHARON BASALDUA
404 Shore Drive
Mukwonago, WI 53149

Case No.

DAVID L. HINKLEY
LAURA HINKLEY
912 Michigan Avenue
Waukesha, W 53188

**Personal Injury – Products Liability: 30100**

    Plaintiffs,

THE CHARTER OAK FIRE INSURANCE COMPANY, INC.
A foreign company
c/o Corporation Service Company
8040 Excelsior Drive, Ste 400,
Madison, WI 53717

    Involuntary Plaintiff,

v.

PRINCE MINERALS LLC
A foreign LLC
c/o National Registered Agents Inc.
8020 Excelsior Drive, Ste 200
Madison, WI 53717

ABC INSURANCE COMPANY

CARPENTER BROTHERS, INC.
7100 W. Donges Bay Road
Mequon, WI 53092

DEF INSURANCE COMPANY

    Defendants.

# SUMMONS

EXHIBIT A

**THE STATE OF WISCONSIN**
**TO EACH PERSON NAMED ABOVE AS A DEFENDANT:**

You are hereby notified that the plaintiffs named above have filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action. Within forty-five (45) days after receiving this Summons, you must respond to the Complaint with a written Answer, as that term is used in Chapter 802 of the Wisconsin Statutes. The Court may reject or disregard an Answer that does not follow the requirements of the statutes. The Answer must be sent or delivered to the Court, whose address is 901 North Ninth Street, Milwaukee, Wisconsin, 53233, and to Habush Habush & Rottier S.C.®, whose address is 777 East Wisconsin Avenue, Suite 2300, Milwaukee, Wisconsin, 53202.

If you do not provide a proper Answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated at Milwaukee, Wisconsin, this 30th day of July, 2018.

HABUSH HABUSH & ROTTIER S.C.®
Attorneys for Plaintiffs

Electronically Signed     By:     *Robert L. Jaskulski*
                                  Robert L. Jaskulski
                                  State Bar No. 1000561
                                  rjaskulski@habush.com

**P.O. ADDRESS:**

US Bank Building, Suite 2300
777 East Wisconsin Avenue
Milwaukee, WI  53202
(414) 271-0900

FILED
07-30-2018
John Barrett
Clerk of Circuit Court
2018CN006322
Honorable Marshall B.
Murray-43
Branch 43

| STATE OF WISCONSIN | CIRCUIT COURT | MILWAUKEE COUNTY |

ROBERT J. BASALDUA
SHARON BASALDUA
404 Shore Drive
Mukwonago, WI 53149

DAVID L. HINKLEY
LAURA HINKLEY
912 Michigan Avenue
Waukesha, W 53188

        Plaintiffs,

THE CHARTER OAK FIRE INSURANCE COMPANY, INC.
A foreign company
c/o Corporation Service Company
8040 Excelsior Drive, Ste 400,
Madison, WI 53717

        Involuntary Plaintiff,

v.

PRINCE MINERALS LLC
A foreign LLC
c/o National Registered Agents Inc.
8020 Excelsior Drive, Ste 200
Madison, WI 53717

ABC INSURANCE COMPANY

CARPENTER BROTHERS, INC.
7100 W. Donges Bay Road
Mequon, WI 53092

DEF INSURANCE COMPANY

        Defendants.

Case No.

**Personal Injury – Products Liability: 30100**

---

**COMPLAINT**

---

The above-named plaintiffs by **HABUSH HABUSH & ROTTIER S.C.®**, their attorneys, as and for a Complaint against the above named defendants, allege and show to the Court as follows:

## PARTIES

1. Plaintiffs, Robert J. Basaldua and Sharon Basaldua, are adult citizens of the State of Wisconsin, residing at 404 Shore Drive, Mukwonago, WI, and are husband and wife.

2. Plaintiffs, David L. Hinkley and Laura Hinkley, are adult citizens of the State of Wisconsin, residing at 912 Michigan Avenue, Waukesha, WI, and are husband and wife.

3. The involuntary plaintiff, The Charter Oak Fire Insurance Company (hereinafter "Charter Oak"), is a Connecticut corporation duly licensed to do business in the State of Wisconsin with its principal place of business at 1 Tower Square, Hartford, Connecticut, 06183. Its registered agent for service of process is Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, Wisconsin, 53717. Charter Oak was the worker's compensation insurer for the plaintiffs, Robert Basaldua and David Hinkley, at the time of plaintiffs' injuries and was obliged and will in the future be obliged to pay to or on behalf of the plaintiffs medical expenses and workers compensation benefits and, by reason of such payments, Charter Oak is a proper party under Wis. Stat. 803.03.

4. Defendant Prince Minerals, LLC (hereinafter "Prince Minerals"), is a Delaware Corporation, with its principal office located at 15311 Vantage Parkway, W, Ste 350, Houston, Texas. Its registered agent of process for service is National Registered Agents, Inc., located at 8020 Excelsior Dr., Ste 200, Madison, WI.

5. On information and belief, at all times material, Prince Minerals was engaged in substantial and not isolated activities within the County of Milwaukee, State of Wisconsin,

carrying on solicitation and service activities within the County, and products, materials, or things processed, manufactured by or on behalf of Prince Minerals were, and are, sold, used and consumed in Milwaukee County, State of Wisconsin in the ordinary course of trade. Moreover, on information and belief, at all times material, Prince Minerals has been engaged in the business of developing, manufacturing, marketing, inspecting, testing, distributing and selling mineral based additives, including but not limited to the product Veinseal that is the subject of this litigation and was the manufacturer of the Veinseal being utilized by the plaintiffs at the time of the incident described below.

6. On information and belief, an unknown insurance company, herein designated pursuant to Wis. Stat. §807.12 by the fictitious name of ABC Insurance Company, had issued a policy of insurance to Prince Minerals, which policy provided coverage to Prince Minerals for claims such as those hereinafter set forth in this Complaint and which policy of insurance was in full force and effect at the time of the hereinafter described matter; in the contract of insurance, this defendant insurance company reserved the right to settle or adjust any claims arising thereunder and to defend any lawsuits instituted by virtue of any such claims; by virtue of this contract of insurance, this defendant insurance company is a proper party defendant herein.

7. Defendant Carpenter Brothers, Inc., (hereinafter "Carpenter Brothers"), is a Wisconsin Corporation, with its principal office located at 7100 Donges Bay Road, Mequon, Wisconsin.

8. On information and belief, at all times material, Carpenter Brothers was engaged in substantial and not isolated activities within the County of Milwaukee, State of Wisconsin, carrying on solicitation, service and sales activities within the County, and Carpenter Brothers is the seller of certain products that were, and are, used and consumed in Milwaukee County, State

3

of Wisconsin in the ordinary course of trade. Moreover, on information and belief, at all times material, Carpenter Brothers has been engaged in the business of distributing and selling mineral based additives, including but not limited to, the product Veinseal that is the subject of this litigation and was the seller/distributor of the Veinseal being utilized by the plaintiffs at the time of the incident described below.

9.  On information and belief, an unknown insurance company, herein designated pursuant to Wis. Stat. §807.12 by the fictitious name of DEF Insurance Company, had issued a policy of insurance to Carpenter Brothers, which policy provided coverage to Carpenter Brothers for claims such as those hereinafter set forth in this Complaint and which policy of insurance was in full force and effect at the time of the hereinafter described matter; in the contract of insurance, this defendant insurance company reserved the right to settle or adjust any claims arising thereunder and to defend any lawsuits instituted by virtue of any such claims; by virtue of this contract of insurance, this defendant insurance company is a proper party defendant herein.

## FACTUAL BACKGROUND

10. This action relates to the development, manufacture, testing, marketing, promotion, distribution and sale by Prince Minerals and Carpenter Brothers of the mineral additive, Veinseal. Veinseal is a core-sand additive used to prevent veining and gas defects related to thermal expansion of sand-resin systems.

11. At all times material herein, the plaintiffs, Robert Basaldua and David Hinkley, were acting within the scope of their employment with Renaissance Manufacturing Group (hereinafter "RMG") at their manufacturing facility located at 1401 Perkins Ave. in the City of Waukesha, Wisconsin. At its foundry, RMG creates casts of multi-ferrous metals for numerous

4

industries, including light and heavy trucks, combustion engines, railroad, construction, agriculture and pump/compressor industries.

12. Upon information and belief, RMG purchased Veinseal from Carpenter Brothers and used the Veinseal in its manufacturing process to prevent veining and gas defects in its castings. Veinseal is composed primarily of cornstarch, with small amounts of silica and crystalline (quartz).

13. RMG stored the Veinseal in a building called "the doghouse" where the Veinseal would be placed into a pressurized conveyance system and transported to the core room, where the Veinseal would be used in the core manufacturing process.

14. Veinseal is an explosive dust with the capacity, upon ignition, to generate sufficient power to cause a flash fire, compromise containment on a piece of equipment, and/or blow out the walls of a structure.

15. Despite the fact that Veinseal is an explosive dust, Prince Minerals and Carpenter Brothers, at and subsequent to the sale and delivery of the Veinseal used by RMG on January 8, 2016, failed to convey, in written or verbal form, any warning, instructions or directions to RMG regarding the explosive characteristics or combustibility of Veinseal, nor provide any warnings, instructions or directions to RMG regarding how to handle Veinseal so as to avoid the risk of an explosion/flash fire. To the contrary, the Material Data Safety Sheet (MSDS) transmitted with the Veinseal used by RMG on January 8, 2016 indicated that the product had no known hazards, including no known "unusual fire or explosion hazards," was "stable and non-reactive under normal conditions of use, storage and transport" and the MSDS provided no information regarding the product's flash point, flammability or explosive limits.

16. On January 8, 2016, plaintiffs, Robert Basaldua and David Hinkley, were working in or around the area of the doghouse when an explosion/flash fire occurred, causing serious injury to both Robert Basaldua and David Hinkley.

17. As a result of the explosion/flash fire, the plaintiffs, Robert Basaldua and David Hinkley, sustained permanent injuries and damages, including past and future pain, suffering, disability, humiliation, embarrassment, worry and mental distress, all of which are permanent in nature, and loss of enjoyment of life, past wage loss and impairment of future earning capacity, past and future medical expenses, and other compensable injuries.

18. Plaintiffs, Sharon Basaldua and Laura Hinkley, the wives of plaintiffs, Robert Basaldua and David Hinkley, sustained damages, including but not limited to the loss of consortium, society and companionship of their husbands, and will in the future sustain damages as the result of the injuries sustained by their husbands as described above.

## FIRST CAUSE OF ACTION
## Strict Liability-Prince Minerals, LLC

19. Plaintiffs hereby incorporate by reference all preceding paragraphs as fully set forth herein.

20. At all times relevant hereto, Prince Minerals was engaged in the, development, testing, manufacturing, marketing and selling of the Veinseal product.

21. The Veinseal tested, manufactured, marketed and sold or otherwise placed into the stream of commerce by Prince Mineral was defective because of inadequate warnings, instructions and/or directions on use and safety when it left the possession and control of Prince Mineral. The foreseeable risks of harm posed by the Veinseal could have been reduced or avoided by the provision of reasonable warnings, instructions and/or directions by Prince Minerals, and the

omission of adequate warnings, instructions and/or directions renders the Veinseal not reasonably safe.

22. This defective condition of the Veinseal rendered the Veinseal unreasonably dangerous to users and consumers, including the plaintiffs in the pending action.

23. This defective condition existed at the time the Veinseal left the control and custody of Prince Minerals and did reach the plaintiffs as users without substantial change in the condition in which it was manufactured and sold.

24. This defective condition, which rendered the Veinseal unreasonably dangerous, was a direct and proximate cause of the injuries suffered by plaintiffs as set forth herein.

## SECOND CAUSE OF ACTION
### Negligence-Prince Minerals, LLC

25. Plaintiffs hereby incorporate by reference all preceding paragraphs as fully set forth herein.

26. At all relevant times, Prince Mineral, through its agents, servants and employees, was negligent in its failure to test the product, Veinseal, in an effort to determine its explosive characteristics or combustibility so as to understand that the product is a combustible dust that requires specific warnings regarding use and safety for end users of the product, was negligent in its design of adequate warnings, instructions and/or directions regarding the use and safety of Veinseal, and was otherwise negligent in its design, manufacture, sale and distribution of Veinseal.

27. This negligence on the part of Prince Minerals was the proximate cause of the injuries sustained by plaintiffs as set forth herein.

7

## THIRD CAUSE OF ACTION
## Negligence-Carpenter Brothers, Inc.

28. Plaintiffs hereby incorporate by reference all preceding paragraphs as fully set forth herein.

29. The defendant, Carpenter Brothers, through its agents, servants and/or employees, was negligent in the sale and distribution of the Veinseal being utilized by the plaintiffs at the time if the incident described above, including, but not limited to, failing to issue proper warnings and instructions regarding the explosive characteristics or combustibility of Veinseal, and was negligent in failing to provide any warnings, instructions or directions to RMG regarding how to handle Veinseal so as to avoid the risk of an explosion/flash fire, and it was otherwise negligent

30. That this negligence on the part of Carpenter Brothers was the proximate cause of the injuries sustained by plaintiffs as set forth herein.

## FOURTH CAUSE OF ACTION
## Breach of Express Warranties-Carpenter Brothers, Inc.

31. Plaintiffs hereby incorporate by reference all preceding paragraphs as fully set forth herein.

32. Carpenter Brothers is a "seller" as that term is defined in Wis. Stats. §402.103(1)(d).

33. The Veinseal utilized by the plaintiffs at the time of the incident described above falls within the definition of "goods" set forth in Wis. Stats. §402.105 (1)(c).

34. On information and belief, Carpenter Brothers expressly warranted that the Veinseal being utilized by the plaintiffs at the time of the incident described above was merchantable and fit for the purpose for which it was to be used and was free from defects.

35.     Carpenter Brothers breached the express warranties referred to above in that the Veinseal was not merchantable, was not fit for the purpose for which it was to be used and was defective, and Carpenter Brothers has received timely notice of this breach.

36.     The plaintiffs were third party beneficiaries to any express warranties referenced above.

37.     That this breach of warranties was the proximate cause of the injuries sustained by plaintiffs as set forth herein.

## FOURTH CAUSE OF ACTION
## Breach of Implied Warranties-Carpenter Brothers, Inc.

38.     Plaintiffs hereby incorporate by reference all preceding paragraphs as fully set forth herein.

39.     The Veinseal sold by Carpenter Brothers, and utilized by the plaintiffs at the time of the incident described above, was sold with an implied warranty that it was merchantable and would pass without objection in the trade, was fit for the purpose for which it was to be used and was free from defects.

40.     Carpenter Brothers breached the implied warranties referred to above in that the Veinseal was not merchantable or fit for its intended purpose and was not free from defects, and Carpenter Brothers has received timely notice of this breach.

41.     The plaintiffs were third party beneficiaries to any implied warranties referenced above.

42.     That this breach of warranties was the proximate cause of the injuries sustained by plaintiffs as set forth herein.

**WHEREFORE,** plaintiffs demand judgment against the defendants, Prince Minerals, LLC, ABC Insurance Company, Carpenter Brothers, Inc., and DEF Insurance Company for the amount of damages found to be appropriate, together with the costs, disbursements and prejudgment interest in this action, and for such other relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury as to all claims in this action.

Dated this 30th of July, 2018.

                                      **HABUSH HABUSH & ROTTIER S.C.®**
                                      Attorneys for Plaintiffs

                        By:    /s/ Robert L. Jaskulski
                                Robert L. Jaskulski
                                Wisconsin State Bar No. 1000561
                                rjaskulski@habush.com
                                777 East Wisconsin Ave, Suite 2300
                                Milwaukee, WI 53202
                                Telephone:  (414) 271-0900
                                Facsimile:   (414) 271-6854