# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ROBERT BASALDUA, SHARON BASALDUA, DAVID HINKLEY, and LAURA HINKLEY,<br><br>Plaintiffs,<br><br>v.<br><br>THE CHARTER OAK FIRE INSURANCE COMPANY, INC.<br><br>Involuntary Plaintiff,<br><br>v.<br><br>PRINCE MINERALS LLC, PRINCE MINERALS INC., EVANSTON INSURANCE COMPANY, OHIO CASUALTY INSURANCE COMPANY, NAVIGATORS INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, and DEF INSURANCE COMPANY,<br><br>Defendants. | Case No. 19-CV-956-JPS<br><br><br>**ORDER** |

On July 2, 2019, Defendants Prince Minerals LLC and Prince Minerals Inc invoked diversity jurisdiction to remove this personal injury case from Milwaukee County Circuit Court. (Docket #1). On July 31, 2019, Plaintiffs timely filed a motion to remand, arguing that there is not complete diversity under 28 U.S.C. § 1332(a) because the involuntary plaintiff, The Charter Oak Fire Insurance Company ("Charter Oak"), and one of the defendants, Navigators Insurance Company ("Navigators"), are both

citizens of Connecticut. Defendants opposed the motion, arguing that Navigators is a citizen only of New York and, in the alternative, that Charter Oak is a nominal party whose citizenship should not be considered for jurisdictional purposes. The motion to remand is now fully briefed. For the reasons explained below, the Plaintiffs' motion will be granted, and the case will be remanded back to Milwaukee County Circuit Court.

District courts have jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between...citizens of different States." 28 U.S.C. § 1332(a). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Id.* § 1332(c). In the Seventh Circuit, "a company's principle place of business is where its 'nerve center' is located, or, more concretely, where its executive headquarters are located" at the date that the notice of removal was filed. *Ill. Bell Tel. Co. v. Global NAPs Ill., Inc.*, 551 F.3d 587, 590 (7th Cir. 2008). When federal jurisdiction is contested, the party seeking to remain in federal court "must establish those facts [establishing jurisdiction] by a preponderance of the evidence." *Id.*

Defendants have not shown, by a preponderance of evidence, that Navigators is not a Connecticut citizen. Plaintiffs, on the other hand, have provided considerable evidence that Navigators keeps its headquarters in Connecticut. The Court considers the following submissions from Plaintiffs: a 2019 quarterly statement showing that Navigators keeps its "main administrative office," mailing address, and books and records in Stamford, Connecticut, (Docket #16-1 at 1); a rating report that lists Navigators as having its administrative offices in Stamford, Connecticut, (Docket #23-1 at 1); a copy of the State of Wisconsin Office of the

Commissioner of Insurance listing that states Navigators' business, mailing, and main administrative office address is in Stamford, Connecticut, (Docket #16-5 at 1); an employment agreement indicating that the executive of Navigators is based in Stamford, Connecticut, (Docket #23-3 at 1); and a shareholder's presentation that lists Navigators' headquarters in Stamford, Connecticut, (Docket #16-8 at 1). Additionally, in light of the fact that corporations may be citizens of their state of incorporation *and* their principal place of business for jurisdictional analyses, 28 U.S.C. § 1332(c), the Court does not believe that Plaintiffs have "conveniently ignore[d]" the facts that the company's statutory home office is listed as New York. (Docket #19 at 3). There is no disputing the fact that Navigators is a citizen of New York—it is incorporated there. But, based on the evidence before the Court, it appears that Navigators is also a citizen of Connecticut, where its headquarters are located.

In reaching this conclusion, the Court does not rely on the headquarters location of either Navigators parent company (which is also, apparently, called "Navigators") or the holding company, "Hartford." Nor are Navigators' two complaints from 2013 and 2014, which allege Connecticut citizenship, dispositive, as they precede the date of the instant litigation. Nevertheless, they do offer support for Plaintiffs' contention that Navigators is, and has been, a citizen of Connecticut.

Next, the Court turns to the question of whether Charter Oak's Connecticut citizenship should be considered in the jurisdictional analysis. Charter Oak is a worker's compensation insurer for two of the plaintiffs, and is included in the litigation as an involuntary plaintiff. For the reasons explained below, Charter Oak is a real party in interest, such that its citizenship must be considered in the litigation.

Wis. Stat. § 102.29(1)(a)–(b) provides that

> [a]n employer or compensation insurer that has paid or is obligated to pay a lawful claim under this chapter shall have the same right to make claim or maintain an action in tort against any other party for such injury or death. . .Each party shall have an equal voice in the prosecution of the claim, and any disputes arising shall be passed upon by the court before whom the case is pending. . .**the liability of the tort-feasor shall be determined as to all parties having a right to make claim and, irrespective of whether or not all parties join in prosecuting the claim, the proceeds of the claim shall be divided as follows**. . .

(emphasis added). In other words, "if either the injured employee or the insurance carrier choose[s] not to be a party to a suit against the alleged tort-feasor, the absent party will be bound by the judgment in any such court action of which they have notice." *Klick v. Am. Mut. Ins. Co. of Boston*, 80 F.R.D. 711, 712 (E.D. Wis. 1978). Thus, both employee and worker's compensation insurer have "every incentive to advocate for full recovery against defendants to maximize its potential subrogation recovery." *Lund v. Univ. Furniture Indus., Inc.*, No. 07-C-237, 2007 WL 5595963, at *1 (W.D. Wis. June 11, 2007).

In *Lund*, the court denied plaintiff's motion to re-align a worker's compensation insurer (who had been included as an involuntary plaintiff) as a defendant in order to destroy diversity and remand the case. *Id.* The court assumed, without deciding, that the worker's compensation fund was a real party in interest. *Id.* In so doing, the court explained that the employee and the worker's compensation insurers' interests were directly aligned in

the litigation such that it was "irrelevant" that plaintiff and the worker's compensation carrier "may have a coverage dispute in another forum." *Id.*

Similarly, this district previously determined that an employee had a right to intervene in his worker's compensation carrier's third-party action against the tortfeasor in light of Wis. Stat. § 102.29(1). *Ins. Co. of N. Am. v. Blindauers Sheet Metal & Heating Co.*, 61 F.R.D. 323, 325 (E.D. Wis. 1973). In concluding that the employee was an indispensable party under Rule 19, the *Blindauers* court found it highly relevant that the tortfeasor's liability would be determined as to all parties with the right to make a claim, regardless of whether they had joined in its prosecution. *Id.* After adding the diversity-destroying employee as a plaintiff, the court dismissed the case for lack of jurisdiction. *Id.* These two cases suggest that, if a worker's compensation insurer chooses to participate in a case, its interests are aligned with the plaintiff and sufficient to render it a real party in interest, and its citizenship must be included in the jurisdictional analysis.

Defendants' primary argument against considering Charter Oak a real party in interest is the fact that Wis. Stat. § 102.29 protects a worker's compensation insurer's right to recover against the third-party tortfeasors regardless of whether the worker's compensation insurer participates in the employee's lawsuit. *Guyette v. W. Bend Mut. Ins. Co.*, 307 N.W.2d 311, 313 (Wis. Ct. App. 1981). According to Defendants, this right-to-reimbursement renders Charter Oak a nominal party. However, Defendants fail to account for the fact that even if Charter Oak does not participate in this case, "it will be bound by the resolution of the plaintiffs' claims in this case." *Klick*, 80 F.R.D. at 712 (citing *Holmgren v. Strebig*, 196 N.W.2d 655, 659 (1971)). As of December 13, 2018, Charter Oak paid out $503,332.66 to the Hinkley Plaintiffs and $294,975.19 to the Basaldua Plaintiffs in indemnity and

medical expenses. (Docket #1-4 at 11, 33). Under Wis. Stat. § 102.29(1)(b), one-third of the proceeds automatically go to the injured employee, and "out of the balance remaining. . .[the worker's compensation fund] shall be reimbursed for all payments." Charter Oak therefore has a strong interest in litigating this case in order to secure a resolution that will fully compensate it for its expenditures.

Finally, the cases that Defendants cite in support of their contention that "when a party's only interest in a lawsuit is maintaining its right to reimbursement under Wis. Stat. § 102.29, the party must be considered nominal" all pertain to parties who were initially listed as *defendants*, and their holdings are not on point. (Docket #19 at 8); *Houston v. Newark Boxboard Co.*, 597 F. Supp. 989, 990 (E.D. Wis. 1984) (holding that "removal does not. . .require the consent of nominal defendants," and determining that a worker's compensation insurer was a nominal defendant because no cause of action was alleged against it); *Eichmann v. Hunter Automated Mach., Inc.*, 167 F. Supp. 2d 1070, 1072 (E.D. Wis. 2001) (holding that an employer was a nominal defendant for diversity purposes where no cause of action was alleged against it); *Woodbury v. Courtyard Mgmt. Corp.*, No. 4:11-CV-1049, 2012 WL 482344, at *2 (E.D. Mo. Feb. 14, 2012) (realigning a nominal defendant as a plaintiff in order to preserve diversity); *see also Vandervest v. Wis. Cent., Ltd.*, 936 F. Supp. 601, 604–05 (E.D. Wis. 1996) (finding that a plaintiff's insurers had no adverse interest to the plaintiff, and therefore did not destroy diversity). In this case, Charter Oak has an interest adverse to the Defendants, and seeks to recover a significant sum of money from them. Charter Oak's citizenship is properly considered, and its presence in the lawsuit destroys diversity.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion to remand (Docket #14) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **REMANDED** to the Milwaukee County Circuit Court for further proceedings.

The Clerk of Court is directed to take all appropriate steps to effectuate the remand of this case.

Dated at Milwaukee, Wisconsin, this 17th day of September, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge